GLADNEY, Judge.
J. E. Fowler, Jr. and Falco, Inc. instituted this action in tort to recover damages sustained when their truck and trailer unit carrying oil distillate was struck by one of defendant’s passenger trains. The accident occurred on December 21, 1963 about 5 :20 P. M. at the Leonard Road crossing located approximately six miles south of Shreveport.
Issue was joined by Texas and Pacific Railway Company, Inc. which denied any negligence on its part and following trial on the merits, judgment was rendered rejecting plaintiffs’ demands. They have appealed.
The Leonard Road crossing is situated in a rural and sparsely populated area. At that point the railroad is paralleled by State Highway No. 1 and intersected by Leonard Road. The grade of the crossing is approximately two feet and the railroad tracks are 80 to 90 feet from the highway. Looking north from the crossing the railroad track is comparatively straight and level for a distance of from 1100 to 1300 feet at which latter point there is located a whistling board. Max Orr, the driver of the truck, was driving from Dubach to the *757 Finney Station proceeding south on Highway No. 1. He turned right or west on the Leonard Road in order to cross the railroad track. As his trailer was over the railroad track it was struck by the Texas and Pacific train which had been traveling south at a speed of 70 miles per hour. The tank-trailer unit was severed and completely demolished by the impact. Orr was not hurt.
Appellants’ cause of action is predicated upon the alleged negligence of the railroad in maintaining a defective crossing sign, in failing to blow the whistle and ring the bell, in proceeding at an excessive speed, and in maintaining a dangerous crossing.
Upon reaching the Leonard Road crossing Orr slackened his speed, turned right into Leonard Road to proceed west and downshifted his tractor from fifth to second gear. The windows of the tractor, except a small vent window, were closed with the heater operating and making some noise. He testified that as he turned into Leonard Road he looked up and down the track, but did not see a train approaching from either direction and continued at a speed of 4 to 5 miles per hour. His vehicle was over the track when he heard the train whistle and saw it about 50 feet away bearing down on him. The defendant’s train was being operated by M. R. Griffin, regularly a fireman, but also a qualified locomotive engineer. Griffin testified that at a point 1300 feet north of the crossing where the whistling board is located he turned on the automatic bell and began to sound the customary two long, one short and one long whistle blasts. As he began the final long blast of the whistle 450 feet north of the crossing he observed plaintiffs’ truck turning off of the highway for the Leonard Road crossing. He thereupon applied the train’s emergency braking system, but the truck continued on and began to cross the rails without coming to a stop. Griffin further testified that the headlights on the train, a stationary light and an oscillating light, had been operating continuously since leaving Marshall, Texas. The testimony of Griffin was corroborated by that of A. M. Hamblen, Jr., the regular engineer, who was riding in the fireman’s position in the cab of the diesel engine.
The Highway Regulatory Act, as amended by Act 310 of 1962, and particularly LSA-R.S. 32:171, 172 and 173, have prescribed regulations applicable to motorists intending to cross railroad tracks. They impose a heavy burden upon any person driving a motor vehicle when he approaches a railroad crossing and require that the driver of such vehicle stop within 50 feet but not less than 15 feet from the nearest rail of said railroad and not to proceed until he can do so safely. A failure to observe these regulations constitutes negligence.
Appellants’ charges of negligence as above specified have not been sustained by proof. The evidence establishes that the crossing sign was serviceable and readable and recognized as such by the driver of the truck; that the whistle and bell was sounded continuously from a distance of 1300 feet; that the train was not proceeding at an excessive rate of speed, which, though admitted to be 70 miles per hour, was not prohibited by statute and was consistent with railroad and I.C.C. regulations. Evidence that the crossing was dangerous and in the nature of a trap falls short of proof. The tracks were elevated about two feet above the approaching road and therefore cannot be considered dangerous. It is further charged that looking north from the crossing the railroad track goes into a curve approximately 300 feet from the crossing. Engineering data discloses there is a slight curve in a northwesterly direction over a distance of some 1000 feet or more, but is so slight (one minute and thirty seconds) that there is no obstruction to visibility over this distance.
We hold that plaintiffs have failed to prove any negligence on the part of the railroad or its employees operating the *758 train. In our opinion the sole proximate cause of the collision was due to the fault or negligence of Orr in failing to stop, look and listen before maneuvering his truck and trailer across the railroad track.
Judgment is affirmed at appellants’ cost.